IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PLAYER PIANO PARTS, INC.,

          *Plaintiff*,

vs.

BRENT BURDICK,

          *Defendant.*

Case No. 09-1178-EFM

**MEMORANDUM AND ORDER**

Plaintiff Player Piano Parts, Inc. brought a cybersquatting claim against Defendant Brent Burdick with minimal allegations. This Court dismissed Plaintiff's Complaint in January. Before the Court is Defendant's Motion for Rule 11 Sanctions on the basis that Plaintiff's complaint lacked in objective reasonableness (Doc. 15). For the following reasons, the Court denies the motion.

**I. Background**

Plaintiff Player Piano Parts, Inc. filed its initial Complaint against Defendant Brent Burdick in state court. Defendant removed the action to this Court and then filed a Motion to Dismiss asserting that Plaintiff failed to state a claim. Plaintiff filed an Amended Complaint and a response to Defendant's motion asserting that the Amended Complaint corrected the alleged deficiencies. Plaintiff argued that the inferences from the Amended Complaint demonstrated that the Player Piano Company name was distinctive and famous at the time of registration of the domain name.

After the Motion to Dismiss was fully briefed, but before the Court had decided the motion, Defendant filed this Motion for Sanctions pursuant to Rule 11 asserting that Plaintiff's claim lacked in objective reasonableness. Defendant sought dismissal of the complaint; attorney's fees and costs incurred in defending this action; and a fine against Plaintiff and Plaintiff's attorneys, in an amount to be determined by and paid to the Court. In response, Plaintiff again argued that there was an inference from the facts in the Amended Complaint that Plaintiff's mark was famous and/or distinctive and that Plaintiff had stated a claim.

In January, this Court granted Defendant's Motion to Dismiss finding that Plaintiff failed to state a claim.[1] Defendant's Motion for Rule 11 Sanctions was not ruled upon, and it is the current motion before the Court.

## II. Analysis

Defendant argues that sanctions should be imposed against Plaintiff because Plaintiff's Complaint is lacking in objective reasonableness as Plaintiff has not alleged that it has a distinctive or famous trademark. In addition, Defendant contends that the claim is not warranted by existing law, and Plaintiff's attorneys disregarded their duty to conduct an objectively reasonable inquiry of the relevant law and facts prior to filing the action.

Plaintiff argues that the gravamen of Defendant's motion is that Plaintiff failed to allege that its mark is famous and/or distinctive. Plaintiff then provides case law as to the relevant factors in determining whether a mark is famous. In addition, Plaintiff asserts that although the allegations do not explicitly state that Plaintiff's mark is famous and/or distinctive, the allegations provide such an inference.

---

[1] Doc. 18. The reasons are set forth in that Order.

In Defendant's reply, he asserts that Plaintiff did not discuss the pertinent issues relevant to a Rule 11 motion but instead argued about the five categories of distinctiveness in trademark law. Defendant then discusses trademark law and whether "Player Piano" is or is not a trademark.

Federal Rules of Civil Procedure Rule 11(b) provides that by "signing, filing, submitting, or later advocating" a pleading to the court, the party certifies that:

> . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> . . . .

"[A]n attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions."[2] "An attorney's subjective good faith belief in the merit of an argument does not suffice to meet this standard."[3] To be objectively reasonable, the attorney's belief must be "in accord with what a reasonable, competent attorney would believe under the circumstances."[4] "The court enjoys discretion in determining whether a claim or argument is reasonable."[5] In addition, "the mere fact that the court concluded that defendant was entitled to [ ] judgment on plaintiff's claims . . . does

---

[2]*White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990).

[3]*Scott v. Boeing Co.*, 204 F.R.D. 698, 700 (D. Kan. 2002).

[4]*White*, 908 F.2d at 680.

[5]*Johnston v. Stone*, 2010 WL 1740889, at *5 (D. Kan. Apr. 28, 2010) (citing *Augustine v. Adams*, 88 F. Supp. 2d 1169, 1174 (D. Kan. 2000)).

not mandate the conclusion that plaintiff's claims were frivolous or not 'warranted by existing law.'"[6]

"The primary purpose of sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit."[7] If a party requests sanctions pursuant to Rule 11(c)(2), "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[8]

Although the Court finds, and previously found in its Order granting Defendant's motion to dismiss, that the allegations in the Complaint are minimal and fail to set forth a claim under 15 U.S.C. § 1125(d), the Court is not convinced that Plaintiff's behavior rises to the level of sanctions. This is particularly true when both parties spend the majority of their briefing disputing the characteristics of a trademark and existing trademark law.[9] Furthermore, the Court dismissed the Complaint for failure to state a claim. Defendant seeks as sanctions dismissal of the complaint, attorney's fees and costs incurred in defending the action, and a fine against Plaintiff and Plaintiff's attorneys, in an amount to be determined by the Court. Although the Court did not dismiss the Complaint as a sanction, because the Complaint was ultimately dismissed, the Court finds that other

---

[6]*Thompson v. United Transp. Union,* 167 F. Supp. 2d 1254, 1260 (D. Kan. 2001).

[7]*Scott*, 204 F.R.D. at 700 (citing *White*, 908 F.2d at 684)).

[8]Fed. R. Civ. P. 11(c)(4).

[9]Although the parties discuss trademark law and whether the mark is famous or distinctive, it does not appear to the Court that Plaintiff identified or alleged that it had a mark, and both parties appear to use a different name when discussing whether the name constitutes a mark. With respect to Defendant's motion for sanctions, Defendant briefly contends that Plaintiff cannot show the Court that it has standing based on its acquisition and use of a famous or distinctive trademark where it has failed to establish the existence of a mark in the first instance (because it failed to plead that it has any trademark).

-4-

sanctions are not warranted in this case.[10]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Rule 11 Sanctions (Doc. 15) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 1st day of December, 2010, in Wichita, Kansas.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[10]Plaintiff's request for attorney fees in responding to the motion is also denied.